836 F.2d 550
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gola MOONEY, Widow of Charles R. Mooney, Deceased, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-6219.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1987.
 
 Before BOYCE F. MARTIN, Jr., MILBURN, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gola Mooney appeals the summary judgment affirming the Secretary's decision to deny black lung disability benefits.
 
 
 2
 Mooney's husband, Charles, was a coal miner for 26 years, completing such employment on May 11, 1973. Just prior to his retirement, Mr. Mooney was examined by Dr. Robert B. Matheny. During the course of this May 3, 1973 examination, Dr. Matheny took an x-ray of Mr. Mooney's chest. After finding that this x-ray was positive for pneumoconiosis, Dr. Matheny diagnosed pneumoconiosis. On August 12, 1973, Mr. Mooney was examined by Dr. Robert W. Powell, a pulmonary specialist. Dr. Powell concluded that an x-ray revealed pneumoconiosis. Three years later, on November 9, 1976, Dr. Richard O'Neill examined the miner. Dr. O'Neill, a board-certified internist, interpreted an x-ray he took during his examination as revealing simple pneumoconiosis, and Dr. O'Neill noted at the bottom of his report that, "in all medical probability," the pneumoconiosis was present prior to 1973.
 
 
 3
 Other medical experts, however, did not reach the same conclusion. Dr. Cordell Williams examined Mr. Mooney on July 25, 1973. Dr. Williams, a board-certified internist, concluded that the chest x-ray he took during the examination was normal. Dr. Williams also reviewed an x-ray taken on February 8, 1972, which one non-certified reader had concluded showed positive for pneumoconiosis: Dr. Williams rejected that reading, concluding that the February 1972 x-ray was normal. Dr. Harold B. Spitz, a board-certified radiologist and board-certified reader, reviewed Mr. Mooney's medical records. Dr. Spitz read a 1969 chest x-ray, and he concluded that he was negative for pneumoconiosis. Dr. Spitz also reread the February 1972 x-ray; like Dr. Williams, who had rejected the findings of a non-certified reader, Dr. Spitz concluded that there was no showing of pneumoconiosis. Finally, Dr. Spitz read an April 1973 x-ray, which was found by a non-certified reader to not reveal pneumoconiosis, and an August 1973 x-ray, which Dr. Powell felt was positive. Dr. Spitz concluded that both films were negative for pneumoconiosis.
 
 
 4
 Mr. Mooney initially filed an application for black lung benefits on December 28, 1971. The claim was denied initially and on reconsideration. On May 20, 1976, following a hearing, an administrative law judge concluded that he was not entitled to benefits. The Appeals Council affirmed this denial. On May 7, 1984, however, the district court remanded the case to the Secretary for a finding as to the length of Mr. Mooney's coal mine employment and to determine whether the elements of the rebuttable presumption found in 30 U.S.C. Sec. 921(c)(4) had been satisfied. On remand, the Appeals Council again denied the claim. Subsequently, a magistrate concluded that the record contained adequate support for the Secretary's decision to deny benefits, and he recommended that it be affirmed. On September 18, 1986, the district court concluded that "the Secretary's decision [was] amply supported by the record," and the court granted the Secretary's motion for summary judgment.
 
 
 5
 On appeal, Mooney claims that the Secretary's decision to deny benefits is not supported by substantial evidence. To support her argument that there is insufficient evidence to support the finding that she is not entitled to the section 921(c)(4) rebuttable presumption, Mooney emphasizes the medical testimony which suggests that her husband suffered from pneumoconiosis prior to 1973.
 
 
 6
 We disagree; we believe that the Secretary's finding that the miner did not have pneumoconiosis before 1973 is supported by substantial evidence. Although there is some evidence that suggests that Mr. Mooney may have had pneumoconiosis in 1973, the weight of the evidence favors the opposite conclusion. Moreover, the medical testimony relied on by the Secretary was provided exclusively by board-certified general practitioner who only examined the miner once and by a doctor who examined Mr. Mooney three years after the close of the jurisdictional period and merely speculated that the pneumoconiosis developed prior to 1973. Dr. Powell's testimony, the only other testimony which supports Mooney's claim, was contradicted by Dr. Spitz, a board-certified expert who reread the same x-ray which Dr. Powell felt showed evidence of pneumoconiosis Dr. Spitz concluded that this x-ray was negative.
 
 
 7
 Because we believe that the Secretary's decision to deny black lung disability benefits is supported by substantial evidence, we affirm the district court's judgment.